# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN CARLOS CANO,<br><br>Defendant. | No. CR 16-4072-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**<br><br>*Filed Under Seal* |

Defendant Juan Carlos Cano is charged in a one-count Indictment (docket no. 2) with failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). His trial is set to begin on January 17, 2017. This case is before me on Cano's December 30, 2016, Motion In Limine (docket no. 42), challenging three categories of evidence. The prosecution filed its Response (docket no. 50) on January 6, 2017.

First, Cano seeks an order excluding any evidence describing the nature of his predicate sex offense. Cano states that he anticipates stipulating that he had a duty to register in each jurisdiction where he resided or was an employee, so that any evidence regarding his predicate conviction should be excluded pursuant to Rule 403 and *Old Chief v. United States*, 519 U.S. 172 (1997). He contends that details of his predicate offense may be particularly prejudicial, because the victim of the predicate sex offense was a child. He also contends that the details of his predicate offense are not admissible for impeachment purposes pursuant to Rule 609(a)(1)(B), because they say nothing about his veracity as a witness. He also argues that a limiting instruction is unlikely to mitigate the risk of unfair prejudice. The prosecution responds that, if Cano stipulates that he was required by federal law to register as a sex offender, then it will not seek to introduce

evidence of the details of his predicate sexual assault conviction in its case-in-chief. If the defendant decides to testify, however, the prosecution contends that it is proper to impeach his credibility with evidence that he had been convicted of a sex offense. The prosecution contends that such evidence is probative of Cano's character for truthfulness. The prosecution also argues that any prejudicial effect will have been blunted by evidence that Cano has a predicate sex offense, which is an element of the charged offense.

In *Old Chief*, the Supreme Court held that where the defendant's status as a felon is an element of the crime charged, and a defendant offers to stipulate to his prior record for the purpose of establishing a prior felony under 18 U.S.C. § 922(g), the prosecution must accept this stipulation and may not present further evidence of the defendant's prior criminal history before the jury to prove his felon status, *Old Chief v. United States*, 519 U.S. 172, 178 (1997), although the evidence of a prior conviction may be admissible for other reasons, *see id.* at 186-87. The prosecution does not dispute that, if Cano enters into an "*Old Chief*" stipulation, the prosecution will not be allowed to present any further evidence of his predicate sex offense in its case-in-chief. Thus, this part of Cano's Motion In Limine is granted, upon the condition that he enters into such a stipulation.

As to use of the details of the predicate sexual offense for purposes of impeachment, Rule 609 provides, in pertinent part, that evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). If Cano decides to testify, he contends that *United States v. Chaika*, 695 F.3d 741, 744-45 (8th Cir. 2012), counsels exclusion pursuant to Rule 609(a)(1)(B). In *Chaika*, the witness against whom the prior felony sexual offense was to be offered for impeachment was not the defendant, but a cooperating witness, the prior sexual offense was unrelated to the mortgage fraud at issue

2

in the case and did not involve a "dishonest act or false statement," and the defendant had ample other evidence to impeach the cooperating witness. 695 F.3d at 744-45. Here, the defendant himself is the party that would be impeached by the prior felony sexual offense, so the Rule 403 balancing under Rule 609 is somewhat different.

As the prosecution argues, Rule 609 reflects "'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005)). Nevertheless, the probative value of Cano's prior sexual offense, for impeachment purposes, is that it was a *felony*, not the *nature* of that offense. While the jury will inevitably know that Cano has a prior sexual offense, there is simply no probative value, as to "dishonesty" or "false statements," in the details of that prior sexual offense. *See Chaika*, 695 F.3d at 745 (excluding evidence that had "minimal relevance to the witness's honesty"). Contrary to Cano's contentions, I conclude that the potential for prejudice, if any, of the *fact* of the prior felony conviction for a sexual offense can be removed by using a limiting instruction, *at the time such evidence is offered for impeachment purposes*, explaining the proper impeachment purpose for which such evidence can be used. FED. R. EVID. 105; *Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 982 (8th Cir. 2014) ("To the extent [the parties] were concerned about improper prejudice, a limiting instruction would have addressed those concerns." (citing FED. R. EVID. 105)); *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) ("Moreover, the risk of unfair prejudice was reduced by a cautionary instruction to the jury, given when the evidence was first admitted."). Thus, the part of Cano's Motion seeking exclusion of evidence of the details of his predicate sexual offense for impeachment purposes is granted to the extent that, if he testifies, the prosecution may only offer evidence that the

3

prior sexual offense was a felony, but may not offer any evidence of the details of that prior offense.

The second category of evidence that Cano seeks to exclude is any evidence regarding his other criminal history. Cano contends that all of his other prior convictions appear to be misdemeanors and that none involve "a dishonest act or false statement," so that all are more prejudicial than probative, either pursuant to Rule 402, 403, and 404, or pursuant to Rule 609, if he testifies. Again, the prosecution represents that it will not introduce such evidence in its case-in-chief, but may do so to impeach Cano, if he testifies, at least with evidence of his 2010 convictions for unlawful possession of a firearm by a felon and aggravated assault with a deadly weapon, which the prosecution contends are both felonies.

I take the prosecution at its word that it will not introduce Cano's other criminal history in its case-in-chief, and I grant that part of Cano's Motion. As to impeachment, again, the probative value of any of Cano's prior *felony* convictions is that they are *felonies*, not the *nature* of the offenses. Also, the potential for prejudice, if any, can be removed by using a limiting instruction, *at the time such evidence is offered*, explaining the proper impeachment purpose for which such evidence can be used. FED. R. EVID. 105; *Valadez*, 758 F.3d at 982; *Cowling*, 648 F.3d at 699. Thus, the part of Cano's Motion seeking exclusion of evidence of prior convictions for impeachment purposes is granted to the extent that, if he testifies, the prosecution may only offer evidence that he has one or more *felony* convictions, but not the nature of any such convictions.

The last category of evidence that Cano seeks to exclude is evidence that law enforcement officers encountered him in Iowa based on an arrest for operating while intoxicated (OWI). In its Response, the prosecution represents that it does not intend to introduce evidence that law enforcement officers encountered Cano while investigating him for committing an OWI. Therefore, this portion of Cano's Motion is granted.

4

THEREFORE, defendant Cano's December 30, 2016, Motion In Limine (docket no. 42) is **granted, with pertinent conditions and limitations,** as set out, above.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 10th day of January, 2017.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA