**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JUAN CARLOS CANO, <br><br> Defendant. | No. CR16-4072-MWB <br><br> **ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, NEW TRIAL** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND ............................................................ 2*

*II.  LEGAL ANALYSIS ............................................................................................ 2*

   *A.   Motion For Judgment of Acquittal ............................................................ 2*
       *1.   Standards ........................................................................................ 2*
       *2.   Analysis .......................................................................................... 4*
           *a.   Residence ............................................................................ 4*
           *b.   Employment ........................................................................ 7*
           *c.   Evidence at trial .................................................................. 8*
   *B.   Motion For New Trial .............................................................................. 10*
       *1.   Standards ...................................................................................... 10*
       *2.   Analysis ........................................................................................ 11*

*III. CONCLUSION .................................................................................................. 11*

## I. INTRODUCTION AND BACKGROUND

On March 9, 2017, defendant Juan Carlos Cano was convicted, following a jury trial, of failing to register as a sex offender, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). Cano moved for an acquittal, pursuant to Federal Rule of Criminal Procedure 29(a), at the close of the prosecution's case. I denied his motion. Cano then moved for an acquittal at the close of all evidence. I again denied his motion. Presently before me is Cano's Renewed Motion for Judgment of Acquittal and Motion for New Trial (docket no. 85).

Cano argues for a judgment of acquittal on the ground that there was insufficient evidence introduced at trial to support his conviction on the charged offense. Alternatively, Cano requests that I use my "greater" discretion to grant him a new trial. The prosecution has filed a timely resistance to Cano's motion. The prosecution contends that the evidence introduced at trial, when viewed in the light most favorable to the guilty verdict and granting all reasonable inferences supported by that evidence, supports the jury's finding Cano guilty of the charged offense. With respect to Cano's alternative request for a new trial, the prosecution argues that the jury's verdict must be allowed to stand because the evidence does not weigh against it. Cano did not file a reply brief.

## II. LEGAL ANALYSIS

### A. *Motion For Judgment of Acquittal*

#### 1. *Standards*

Federal Rule of Criminal Procedure 29 governs Cano's Motion for Judgment of Acquittal. Rule 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). When the defendant moves for judgment of acquittal after the prosecution rests,

> [t]he court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

FED. R. CRIM. P. 29(b). If the jury returns a guilty verdict, the defendant may renew a motion for a judgment of acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1). "If the court reserve[d] decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." FED. R. CRIM. P. 29(b). Here, Cano has renewed his motion for judgment of acquittal. Thus, I may consider the entire trial record in deciding whether to grant Cano's motion. A judgment of acquittal is only appropriate if "the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). "The standard for determining the sufficiency of the evidence is strict, and a guilty verdict should not be lightly overturned." *United States v. Jiminez-Perez*, 238 F.3d 970, 972-73 (8th Cir. 2001) (citing *United States v. Ryan*, 227 F.3d 1058, 1063 (8th Cir. 2000)); *see United States v. Peneaux*, 532 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). "Sufficient evidence exists to support a verdict if 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Jiminez-Perez*, 238 F.3d at 972 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Thus, I may grant a judgment of acquittal "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Tate*, 633 F.3d 624, 628 (8th Cir. 2011) (quoting *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006)) (internal marks omitted). I must "'view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence.'" *Id.* (quoting *United States v. Milk*, 447 F.3d 593, 598 (8th Cir. 2006)).

### 2. *Analysis*

Cano argues that he was not required to register in Iowa because he maintained his residence in Texas. Cano also contends that he was an employee in Texas because he was employed by a Texas-based company. The prosecution contends that Cano's theories fail because they fly in the face of specific language in SORNA and would thwart SORNA's purposes. As the First Circuit Court of Appeals explained in *United States v. Morales–Cruz*, 712 F.3d 71, 75 (1st Cir. 2013), "SORNA registration serves a purpose: to protect the community from the risks posed by convicted sex offenders by requiring registration and then by providing notification. . . . Registration requirements such as those SORNA imposes are justified by the high recidivism rate for offenders."

### *a. Residence*

In order to convict Cano of violating SORNA, the prosecution was required to establish three elements.[1] *Carr v. United States*, 130 S. Ct. 2229, 2234-35 (2012). First,

---

[1] Section 2250(a) provides:

> Whoever
>
> > (1) is required to register under the Sex Offender Registration and Notification Act;
> >
> > (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or ) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(Footnote continued . . .

the prosecution must establish that Cano "is required to register under [SORNA]." 18 U.S.C. § 2250(a)(1). Second, the prosecution must establish that Cano is a sex offender as defined in SORNA. 18 U.S.C. § 2250(a)(2). Third, the prosecution must establish that Cano knowingly failed to register or update his registration as required by [SORNA]." 18 U.S.C. § 2250(a)(3).

SORNA provides: "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Following the change of a sex offender's name, residence, employment, or student status, SORNA requires a sex offender provide notification of any such changes.[2] 42 U.S.C. § 16913(c). Cano stipulated that he was required by SORNA to register as a sex offender where he resided or was an employee; that he travelled from Texas to a work assignment in Iowa, and that he did not register in

---

> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

28 U.S.C. § 2250(a).

[2] SORNA specifically requires that:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913(c).

Iowa. Cano argues that he never resided nor was he employed in Iowa and, therefore, he was not required to register in Iowa under SORNA. Specifically, Cano argues that he did not "reside" in Iowa because he maintained his permanent residence in Texas during his temporary stay in Iowa. He also contends that he was an employee in Texas because he was employed by a Texas-based company, which sent him to work on a project in Iowa. After he finished work on the Iowa project, Cano returned to Texas, where he worked on projects in that state. The prosecution contends that Cano can reside in more than one state at the same time, and argues that the fact that Cano resided in Texas does not eliminate the possibility that he also resided in Iowa at the same time. I agree.

Cano's argument confuses the related concepts of domicile and residence. Generally, an individual's "domicile" is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *see Vlandis v. Kline*, 412 U.S. 441, 454 (1973) (noting that an individual's "domicile" is his "true, fixed, and permanent home and principal establishment."). "'Residence,' in contrast, requires both physical presence and an intention to remain some "indefinite period of time, but not necessarily permanently." *Eastman v. Univ. of Mich.,* 30 F.3d 670, 673 (6th Cir. 1994). Accordingly, a domicile is distinguished from a residence by the "permanency and scope" of a person at either location. "It is 'the place where a person dwells and which is the center of his domestic, social, and civil life.'" *Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1273 (10th Cir. 2001) (citation omitted). While domicile focuses largely upon a person's intent to remain at or return to a given place, residence focuses more upon a person's physical presence at a location. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Consequently, a person may have multiple residences, but only one domicile. *Comm'r of IRS v. Sanders*, 834 F.3d 1269, 1279 (11th Cir. 2016); *Vento v. Dir. of Virgin Islands Bureau of Internal Revenue*, 715 F.3d 455, 467 (3d Cir. 2013); *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857-58 (9th Cir. 2001); *Eastman*, 30 F.3d at 673*; Rosario v. I.N.S.,* 962 F.2d 220, 224 (2d Cir. 1992); *see also Martinez v. Bynum*, 461

6

U.S. 321, 339-40 (1983) (Marshall, J., dissenting) (noting the rule that an individual can have "but one domicile and several residences").

If SORNA's reporting requirements did not apply to individuals who changed residences on a temporary or seasonal basis for employment, but did not change their domicile, SORNA would not serve Congress's stated purpose of establishing a "comprehensive national system" for sex offender registration.  This Congressional intent is demonstrated by the section of SORNA, 42 U.S.C. § 16914(a), which requires sex offenders to provide the following information for inclusion in the sex offender registry:

> (1) The name of the sex offender (including any alias used by the individual).
>
> (2) The Social Security number of the sex offender.
>
> (3) *The address of each residence at which the sex offender resides or will reside.*
>
> (4) The name and address of any place where the sex offender is an employee or will be an employee.
>
> (5) The name and address of any place where the sex offender is a student or will be a student.
>
> (6) The license plate number and a description of any vehicle owned or operated by the sex offender.
>
> (7) Any other information required by the Attorney General.

42 U.S.C. § 16914(a) (emphasis added).  Thus, I conclude that a person may have multiple residences for the purposes of SORNA's reporting requirements.

### b. *Employment*

Cano argues that, as a matter of law, he was never an employee in Iowa because he was employed by a Texas-based company, and that company sent him to Iowa to work on a temporary project.  Thus, under Cano's theory, he is only an employee of the state where his employer is headquartered.  This theory is unsupported by the language of SORNA and would, in fact, thwart SORNA's purposes by requiring sex offenders to register only in the

7

state where their employer is headquartered, even though the offender works in another state. As I noted above, SORNA states: "A sex offender shall register, and keep the registration current, *in each jurisdiction* where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a) (emphasis added). Thus, in SORNA's passage, Congress clearly anticipated that a sex offender might be required to register in multiple jurisdictions in order to achieve SORNA's purposes. *See Reynolds v. United States,* 565 U.S. 432, 435 (2012) (noting SORNA "seeks to make those systems more uniform and effective. . . by setting forth comprehensive registration-system standards; by making federal funding contingent on States' bringing their systems into compliance with those standards; by requiring both state and federal sex offenders to register with *relevant jurisdictions* (and to keep registration information current); and by creating federal criminal sanctions applicable to those who violate the Act's registration requirements.") (emphasis added). I now turn to consider whether the evidence is sufficient to sustain Cano's conviction.

### c. *Evidence at trial*

The evidence introduced at trial, when viewed in the light most favorable to the guilty verdict and granting all reasonable inferences supported by that evidence, supports the jury's finding Cano guilty of the charged offense. The prosecution offered testimony from Sergeant Joe King, a Harris County, Texas Deputy Sheriff, that King met with Cano on November 21, 2013, and discussed Cano's obligation to register. King further testified that he reviewed the Pre-Release Notification Form (Gov't Ex. 3-r) with Cano, who subsequently signed it. The form specifically provides:

> If I reside in this state and work or attend school in another state, I must register with the law enforcement agency that is identified by the Texas Department of Public Safety as the agency designated by that state to receive registry information not later than the 10th day after the date I begin to work or attend school.

8

>Status Changes: Not later than the 7th day after the date of the change, I shall report to my primary registration authority any change in the following:. . . .job status (includes beginning and leaving employment and changing work locations). . . .
>
>Registration: I am required to register with the local law enforcement authority in any municipality (chief of police) where I reside or intend to reside for more than seven days.

Gov't Ex. 3-r.

Additionally, the prosecution offered the testimony of Tammy Sonsel, a Texas Department of Criminal Justice employee, about a meeting she had with Cano concerning his obligation to register. During that meeting, Cano signed an acknowledgment of his duties and obligations. The prosecution further offered the testimony of Sioux City Police Officers Chris Thomas and Dane Wagner. Thomas and Wagner testified that Cano admitted to them that he had a duty to register as a sex offender. Wagner also testified that he told Cano that he needed to register in Woodbury County. Accordingly, based on the evidence presented at trial, the jury could have reasonably concluded that Cano knew he had a duty to register as a sex offender where he lived and worked, and failed to do so.

The prosecution further offered evidence that Cano resided in Iowa for three months, from approximately October 20, 2015 through January 17, 2016. Specifically, the prosecution offered the testimony of Pamela Clark, the manager of the Lake Forest Mobile Home Community (LFMHC), in Sioux City, Iowa. Clark testified that Cano resided at the LFMHC from October 20, 2015 through January 17, 2016. Clark and Officer Wagner testified that Cano stayed in the mobile home while at LFMHC. Defense witness Ignacio Cano testified to travelling from Texas to Iowa and visiting Cano at LFMHC lot 17. Finally, the prosecution offered evidence that Cano was employed in Iowa, and worked on the CF Industries jobsite in the Northern District of Iowa, from October 21, 2015 to January 23, 2016.

Accordingly, based on the evidence presented at trial, the jury could have reasonably concluded that the prosecution had established each of the elements of the charged offense. Cano's Motion for Judgment of Acquittal is denied.

### B. Motion For New Trial

#### 1. Standards

Federal Rule of Criminal Procedure 33 governs Cano's Motion for New Trial. Rule 33(a) provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). I have broad discretion in considering a motion for new trial. *See United States v. Garcia*, 569 F.3d 885, 889 ((8th Cir. 2009); *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). I may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation marks omitted); *see Garcia*, 569 F.3d at 889; *United States v. Starr*, 533 F.3d 985, 999 (8th Cir. 2008). However, district courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Campos*, 306 F.3d at 579 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). A district court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)). As the Eighth Circuit Court of Appeals has explained:

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so

> doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980); *see United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (repeating applicable standard of review).

### 2. *Analysis*

Cano, alternatively, argues that I should grant a new trial because one, or both, of the prosecution's theories of liability were flawed. However, as discussed above, I find no such flaws in the prosecution's theories of liability. Thus, based on the evidence supporting the jury's verdict, I cannot conclude "'that a serious miscarriage of justice may have occurred.'" *United States v. Malloy*, 614 F.3d 852, 862 (8th Cir. 2010) (quoting *Lincoln*, 630 F.2d at 1319). Accordingly, Cano's Motion for New Trial is denied.

### III. CONCLUSION

For the reasons discussed above, Cano's Renewed Motion for Judgment of Acquittal and New Trial (docket no. 85) is denied.

**IT IS SO ORDERED**.

**DATED** this 30th day of May, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA